# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DE LOS REYES, | 2:07cv-0068-BES-LRL |
| Plaintiff, | |
| v. | **ORDER** |
| SOUTHWEST GAS CORPORATION, a foreign corporation; et al, | |
| Defendants. | |

Currently before this Court is Defendant's Motion to Dismiss (#5), which was filed on February 7, 2007. Plaintiff filed his Opposition (#9) on February 28, 2007, and Defendant filed its Reply (#11) on March 13, 2007. For the following reasons, the Court grants Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff, a Native American male, worked as a Construction Technician for Defendant Southwest Gas Corporation ("Southwest Gas"), a California corporation with its principal place of business in Arizona. On October 19, 2004, Plaintiff was terminated for repeatedly exercising poor judgment and failing to follow company rules, policies and procedures. Prior to being terminated, Plaintiff had been on probation for twelve months for various disciplinary infractions, including sexual harassment of a female coworker and violations of company safety procedures. (Motion (#5), pp. 3-4). Plaintiff claims he was terminated without cause,

///

justification, reason and/or in retaliation and was discriminated against becaukse of his race and national origin.

On April 20, 2005, Plaintiff filed a complaint with the Nevada Equal Rights Commission ("NERC"), alleging that Southwest Gas discriminated against him on the basis of his race and national origin. On May 11, 2005, the NERC transferred Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC"), which mailed a right-to-sue letter to Plaintiff on February 10, 2006. Plaintiff's attorney represented Plaintiff during the NERC/EEOC complaint process and received a copy of the right-to-sue letter on or about October 25, 2006.

Plaintiff filed suit in the Eighth Judicial District Court of the State of Nevada on October 18, 2006, asserting three causes of action under state law: (1) negligent supervision; (2) intentional infliction of emotional distress; and (3) wrongful termination. On January 18, 2007, Defendant removed the action to this Court and Plaintiff subsequently filed an Amended Complaint (#3), in which he asserts four causes of action: (1) violations of Title VII of the Civil Rights Act of 1964 and NRS 613.330; (2) wrongful termination; (3) intentional infliction of emotional distress; and (4) negligent supervision. In response to this Amended Complaint, Southwest Gas filed its Motion to Dismiss attacking all four of the foregoing causes of action.

## II. ANALYSIS

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Although its review is generally limited to the contents of the complaint, the Court may consider documents referenced extensively in the complaint and documents that form the basis of a plaintiff's claim. United States v. Ritchie, 342 F.3d 903, 908–09 (9th Cir. 2003). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the

1 allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v.
2 United States, 234 F.3d 428, 435 (9th Cir. 2000). Accordingly, the Court may only grant a
3 motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief
4 under any set of facts that could be proven under the allegations of the complaint. Cahill v.
5 Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

6     Applying these principles, the Court now considers whether Plaintiff's four causes of
7 action survive Defendant's Motion to Dismiss.

8 **A.    Violations of Title VII and NRS § 613.330**

9     Defendant argues that Plaintiff's fourth claim for relief, alleging violations of Title VII and
10 NRS 613.330, must be dismissed as time-barred because Plaintiff did not file his suit within
11 the applicable limitations periods under federal and state law.

12     1.    Tile VII

13     Before a claimant can file a Title VII civil action, he must file a timely charge of
14 discrimination with the EEOC. See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th
15 Cir. 1997), cert. denied, 522 U.S. 858 (1997). When the EEOC dismisses the charge, it must
16 notify the claimant and inform him that he has 90 days to file a civil action. See Ortez v.
17 Washington County, State of Or., 88 F.3d 804, 807 (9th Cir. 1996) (citing Scholar v. Pacific
18 Bell, 963 F.2d 264, 266-67 (9th Cir. 1992), cert. denied, 506 U.S. 868 (1992)). This 90-day
19 period is a statute of limitations. Scholar, 963 F.2d at 267. Therefore, if the claimant does not
20 file within this 90-day period, the Title VII action is barred. Id. The 90-day period begins to run
21 on the date the right-to-sue letter arrives at the claimant's address of record. Nelmida, 112
22 F.3d at 383-84; Scholar, 963 F.2d at 267.

23     Here the EEOC mailed a right-to-sue letter to Plaintiff on February 10, 2006. (Motion
24 to Dismiss (#5), Ex. 2). Where the date of actual receipt is unknown but receipt itself is not
25 disputed, as in this case, a three-day mailing presumption is applied to determine notice of the
26 right-to-sue letter. Payan v. Aramark Management Services, No. 05-15978, slip op. 9241,
27 9253-54 (9th Cir. August 2, 2007). Plaintiff, therefore, had until May 15, 2006 to file his
28 complaint. Because Plaintiff first alleged a cause of action under Title VII when he filed his

Amended Complaint (#3) on January 24, 2007, eight months beyond the ninety-day period, his Title VII claim is untimely. Plaintiff contends the statute of limitations did not begin to run until his attorney received a copy of the right-to-sue letter on October 25, 2006; and, therefore, the Amended Complaint was timely. Plaintiff's argument is unavailing. The statute of limitations started running the date on which the letter arrived at Plaintiff's mailing address, not the date his attorney received a copy of the letter. See Nelmida, 112 F.3d at 384 (holding that the ninety-day period began to run the date the right-to-sue letter was delivered to the address on record with the EEOC, despite the fact that no one was home to pick it up); Scholar, 963 F.2d at 267 (concluding that the statute of limitations began to run the date the letter was received by the claimant's daughter at the claimant's place of residence).

Plaintiff was adequately notified of his right to sue in the same manner as all other claimants. The fact that Plaintiff had an attorney to represent him through the NERC/EEOC claim process did not relieve him of his responsibility to diligently preserve his legal rights. See Irwin, 111 S.Ct. at 458 (claimants must be diligent in preserving their legal rights). Because Plaintiff's Title VII claim is time-barred, this claim must be dismissed without leave to amend.

2.   NRS 613.330

Defendant also argues that Plaintiff's cause of action under Nevada's anti-discrimination statute must be dismissed because he failed to allege discrimination under Nevada law within the 180-day period mandated by law. Under Nevada law, a person injured by an unlawful employment practice must seek relief within 180 days from the date the alleged discrimination occurred. NRS 613.430. If administrative relief is sought from a state agency (NERC), the limitation period is tolled during the pendency of the administrative proceeding. Id. Plaintiff alleges that the discriminatory conduct occurred between July 20, 2004 and October 19, 2004, and Plaintiff first alleged discrimination under Nevada law when he filed his Amended Complaint on January 24, 2007. Accordingly, Plaintiff exceeded the 180-day limit allowed by NRS 613.430. Although Plaintiff filed his discrimination claim with NERC prior to filing his lawsuit, the 180-day limitation period was never tolled because the NERC claim was not filed until more then 3 months after the 180-day limitation period had already expired.

Because Plaintiff's cause of action for violations of NRS 613.330 is also time-barred, this claims must be dismissed without leave to amend.

**B.     State Common Law Claims**

Defendant contends that Plaintiff's state law claims of negligent supervision, intentional infliction of emotional and wrongful termination must be dismissed because they are "predicated upon" the same allegations as Plaintiff's claims under Title VII and NRS 613.330 and therefore "encompassed by" these statutes. (Motion (#5), pp. 7-8).

1.     Negligent Supervision

Southwest Gas characterizes Plaintiff's claim of negligent supervision as a claim of "negligent investigation."  According to Defendant, Nevada law does not recognize the tort of negligent investigation and, therefore, the claim must be dismissed.  Plaintiff maintains that Defendant has erroneously characterized his claim, and Defendant has "a recognized obligation to properly train and supervise its employees and managers to follow state and federal law, as well as company regulations." (Opp. (#9), p. 3).  According to Plaintiff, Defendant was placed on notice of the verbal abuse and harassment, and/or adverse treatment being directed at him and Defendant's negligent failure to supervise its employees caused him harm. (Am. Complaint (#3), ¶¶ 13-14).  Viewing the Amended Complaint in the light most favorable to Plaintiff, the Court accepts Plaintiff's characterization of his negligent supervision claim.

Under Nevada law, a claim of negligent training or supervision requires a breach of a duty of care in training or supervising an employee. Jespersen v. Harrah's Operating Co., 280 F. Supp.2d 1189, 1194-95 (D. Nev. 2002) (citing Hall v. SSF, Inc., 930 P.2d 94, 99 (Nev. 1996)).  Such claims are usually raised in Nevada when a third party is harmed by an employee and it is alleged that, had the employer exercised reasonable care in supervising the employee, the injury would not have occurred. See, e.,g., Vinci v. Las Vegas Sands, Inc., 984 P.2d 750 (Nev. 1999).

In this case, Plaintiff alleges that Defendant was placed on notice of the misconduct of its employees and that Defendant failed to supervise its agents.  However, Plaintiff has failed

5

to describe what Defendant did or did not do in response to its knowledge of the alleged misconduct. Accordingly, the Court dismisses this claim because there is no way for Defendant to receive "fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Yamaguchi v. U.S. Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).

### 2. Intentional Infliction of Emotional Distress

Plaintiff's second claim for relief alleges intentional infliction of emotional distress. Under the Ninth Circuit's construction of Nevada law, there is no cause of action for intentional infliction of emotional distress in the employment termination context. See Brooks v. Hilton Casinos Inc., 959 F.2d 757, 766 (9th Cir. 1992), cert. denied, 506 U.S. 906 (1992). However, the Nevada Supreme Court does not read Brooks as prohibiting every claim for intentional infliction of emotional in the employment termination context. Shoen v. Amerco, Inc., 896 P.2d 469, 474-75 (Nev. 1995) (finding that intentional infliction of emotional distress is recognizable in the employment termination context, even though a claim for tortious discharge arising from the same incident is barred by the existence of a statutory remedy); see also Jones v. Reno Hilton Resort Corp., 889 F. Supp. 408, 412, n.4 (D. Nev. 1995). Nevada law appears to allow an intentional infliction of emotional distress claim to be brought even when a statutory remedy for the injury already exists, and the Court will not dismiss Plaintiff's claim on this ground.

Defendant alternatively argues that this claim should be dismissed because Plaintiff has failed to allege any extreme and outrageous conduct. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must establish the following elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." See Watson v. Las Vegas Valley Water Dist., 378 F. Supp.2d 1269, 1278 (D. Nev. 2005) (quoting Olivero v. Lowe, 995 P.2d 1023, 1025 (Nev. 2000)). "Extreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998). Further, liability for emotional distress does not extend to "'mere insults, indignities, threats, annoyances, petty oppressions, or other

6

trivialities.'" <u>Candelore v. Clark County Sanitation Dist.</u>, 752 F. Supp. 956, 962 (D. Nev. 1990) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965).

Plaintiff generally alleges that, during the course of his employment, he "suffered from various forms of harassment and verbal abuse and/or unfounded disciplinary actions and/or adverse employment conditions in violation of state law." (Am. Complaint (#3), ¶ 8). Plaintiff also alleges he was "subjected to various forms of discrimination and unequal treatment related to his race . . . and such discriminatory and/or disparaging conduct created an overall hostile work environment." <u>Id.</u> Plaintiff then asserts that "Defendant's conduct as alleged in this claim was outrageous and beyond the bounds of conduct usually tolerated in a civilized community." (Am. Complaint (#3), ¶ 16). Because Plaintiff fails to articulate any specific facts related to the alleged discrimination and unequal treatment he allegedly suffered, it is difficult to discern what conduct Plaintiff considers to be extreme and outrageous.

Even under the liberal rules of notice pleading, Plaintiff has failed to state sufficient facts to support his intentional infliction of emotional distress claim. Although Plaintiff does not need to provide support for his allegations in the Amended Complaint, he must state specific conduct that enables the Court to determine whether Plaintiff may be entitled to relief if he is able to prove his allegations. "The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 755 (9th Cir. 1994). Plaintiff's general statements cannot support a claim for intentional infliction of emotional distress. As such, the Court dismisses Plaintiff's second claim for relief.

3.  <u>Wrongful Termination</u>

Plaintiff asserts that his wrongful termination claim "is predicated upon allegations that he was fired in violation of federal law and/or with discriminatory motive." (Opp. (#9), p. 3). However, Plaintiff's claim that he was wrongfully terminated because of his race is barred by the existence of a "comprehensive statutory remedy." <u>See</u> <u>Jones</u>, 889 F. Supp. at 412, n.4. The Nevada Supreme Court considers the remedies provided by federal and state statutes to be sufficiently comprehensive to bar a tortious discharge claim based on racial

discrimination. Id.; see also Sands Regent v. Valgardson, 777 P.2d 898, 200 (Nev. 1989) (refusing to recognize a wrongful termination cause of action based on age discrimination where the employee could recover under federal and state discrimination statutes). Accordingly, the Court is unable to recognize Plaintiff's cause of action for wrongful discharge based on racial discrimination as a cognizable claim under Nevada law. Plaintiff's third claim for relief is therefore dismissed.

**C.     Dismissal Without Leave to Amend**

In general, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." In re Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 991 (9th Cir. 1999) (citation omitted). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. see also Shermoen v. U.S., 982 F.2d 1312, 1319 (9th Cir.1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'"). Moreover, where the plaintiff has previously filed an amended complaint, as Plaintiff has done here, the court's discretion to deny leave to amend is "particularly broad." Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004).

Here, Plaintiff has not suggested that any amendment could provide additional facts that might sustain his claims, and it is difficult to conceive of such an amendment. Consequently, Plaintiffs' claims are dismissed without leave to amend.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#5) is GRANTED.

DATED: This 2ND day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE